IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01399-MEH

JUSTIN WALKER,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## PROTECTIVE ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge.**

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

    1.    This Protective Order shall apply to all documents, materials and/or information, including, without limitation, documents produced, including electronic discovery, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined to include the documents and information identified in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Notwithstanding any other term of this Protective Order, if the parties or any third party produces a document or information in this civil action that would otherwise be protected by

the Privacy Act of 1974, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104 191, 110 Stat. 1936 (1996), this Protective Order is an order of the Court which allows for such disclosure.

4. The parties or any third party producing a document in this civil action may in good faith designate a document or information as "CONFIDENTIAL" or "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE" (both categories collectively referred to as "CONFIDENTIAL information"). "CONFIDENTIAL" information is information that pertains to the sensitive and/or limited official-use only records of Plaintiff, or the sensitive medical or other information regarding the Plaintiff. "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE" information is information implicating institutional security and safety, information that is law enforcement sensitive, or involves law enforcement techniques. Collectively, CONFIDENTIAL information also includes that which may be protected by statute, regulation, or other authority, including personal health information, information implicating the privacy of Plaintiff and/or other inmates, information implicating the privacy of agency employees, and/or other sensitive information. CONFIDENTIAL information may also encompass trade secrets, non-public research and development records, commercial or financial information, competitively sensitive information, or other information protected by the Privacy Act. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE" information may be reviewed by Plaintiff but may not be retained by Plaintiff in his cell.

6. In addition to the restrictions in Paragraph 5, CONFIDENTIAL documents, materials, and/or information (including both "CONFIDENTIAL" and "CONFIDENTIAL – NOT

TO BE RETAINED BY INMATE" information) shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys who have entered an appearance and are actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. attorneys who have not entered an appearance but who are evaluating this case for potential representation and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys;

c. the parties, including their designated representatives and counsel;

d. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

e. the Court and its employees ("Court Personnel");

f. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses;

h. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, Colo. Rev. Stat. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

i. anyone as otherwise required by law; and

j. other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information designated as to any person identified in sub-paragraph 6(b) (attorneys who have not entered an appearance), 6(c) (expert witnesses and consultants) or sub-paragraph 6(f) (deponents, witnesses, or potential witnesses), counsel (or any *pro se* party) shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel (or any *pro se* party) and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel (or any *pro se* party).

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE," shall be designated as CONFIDENTIAL by marking it as "CONFIDENTIAL." Any reproduction of CONFIDENTIAL information (including CONFIDENTIAL and CONFIDENTIAL – NOT TO BE RETAINED BY INMATE information) must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE."

9. Any party who inadvertently fails to mark information as CONFIDENTIAL or CONFIDENTIAL – NOT TO BE RETAINED BY INMATE at the time of its production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such substituted documents shall return to the producing party, or destroy, all inadvertently produced confidential documents in its possession that lack the appropriate confidentiality designation and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the

corrected designation. Any inadvertent disclosure or production of information that is protected by any privilege, including the attorney-client, work product, deliberative process and/or law-enforcement privileges, shall not constitute a waiver of any available protection or privilege by the party who made the inadvertent disclosure or production.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information (including that designated CONFIDENTIAL – NOT TO BE RETAINED BY INMATE), the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate depositions, or portions thereof, as CONFIDENTIAL information after transcription, provided written notice is given within thirty (30) days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty-day period has expired.

11. The parties will cooperate in good faith to resolve any disputes regarding whether information is properly designated as CONFIDENTIAL (including that designated CONFIDENTIAL – NOT TO BE RETAINED BY INMATE) pursuant to this Protective Order. The parties may seek judicial intervention in resolving such disputes only if absolutely necessary and only after conferral. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, the parties will comply with the Court's practice standards

regarding discovery disputes. *See* D.C.COLO.MJ VI.3-4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Unless other arrangements are agreed upon in writing by the parties, within forty-five days of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

13. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2, and must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL – NOT TO BE RETAINED BY INMATE." The party that designated the information as CONFIDENTIAL information shall bear the burden of establishing that the document should be restricted.

14. The Court will not retain jurisdiction over a matter once the case is closed.

15.   This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

16.   This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of September, 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

Chief United States Magistrate Judge